People v Oquendo (2021 NY Slip Op 06515)





People v Oquendo


2021 NY Slip Op 06515


Decided on November 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, CURRAN, AND DEJOSEPH, JJ.


960 KA 17-00955

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ESTEBAN OQUENDO, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER, JEFFREY WICKS, PLLC (JEFFREY WICKS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered October 28, 2016. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). Contrary to defendant's contention, we conclude that Supreme Court did not abuse its discretion in permitting the People to introduce evidence that his codefendant was in possession of a loaded gun inasmuch as the probative value of the evidence was not " 'substantially outweighed by the potential for prejudice' " (People v Harris, 26 NY3d 1, 5 [2015], quoting People v Mateo, 2 NY3d 383, 425 [2004], cert denied 542 US 946 [2004]).
Viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (see People v Bleakley, 69 NY2d 490, 495 [1987]).
The sentence is not unduly harsh or severe. Finally, we have reviewed defendant's remaining contention and conclude that it is without merit.
Entered: November 19, 2021
Ann Dillon Flynn
Clerk of the Court